**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| ANGELA NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-078 |
| | ) | |
| LEEDS GATE TOWNHOUSE | | |
| ASSOCIATION, LLC, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Plaintiff Angela Nails, appearing *pro se*, has filed a Complaint against various defendants associated with a townhome community where she apparently lives. *See generally* doc. 1. She has also filed amendments to her Complaint "adding the name(s) of the defendants to the Plaintiff complaint Leeds Gate Townhouse Residents," doc. 5 at 1, and "changing the complaint to Nuisances and the injury is emotional," *id.* at 3. She also seeks to proceed *in forma pauperis* ("IFP"). Doc. 2. It appears from her application that she lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** her leave to proceed IFP. Doc. 2. However, a review of her Complaint reveals that, like many others she has filed, it is frivolous and fails to state a claim and should

1

be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017); *see also Nails v. Davis*, CV422-110, doc. 15 at 3-5 (S.D. Ga. July 11, 2022) (noting Nails' "history of vexatious and frivolous litigation" and imposing filing restrictions to protect the Court).

## I.   BACKGROUND

Nails is upset over conditions in her community. *See generally* doc. 1. One neighbor allows a dog to wander around without a leash. *Id.* at 1. Other neighbors play music "on Sundays and later hours of the night during the weekends and weekdays." *Id.* Another neighbor has teens that visit him who cause disruptions, play with fire, throw trash in Nails' yard, drive over the speed limit, and generally threaten and harass Nails. *Id.* at 1-2. Because the Court clearly lacks subject-matter jurisdiction over this dispute between neighbors, the case should be dismissed.

## II.   ANALYSIS

Plaintiff is already aware that this Court must have subject-matter jurisdiction to consider her claims. *See, e.g., Nails v. Hilliard*, CV421-364, doc. 6 at 2-5 (S.D. Ga. Feb. 10, 2022) (explaining the requirements of subject matter jurisdiction). As the Court has exhaustively explained

to her, "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). At least recognizing the requirement, she concedes that her case does not meet the requirements for diversity jurisdiction but alleges that it is "a United State [sic] Constitutional case." Doc. 1 at 4. She has not carried her burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ], as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appelton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331.  When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint.  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)).  Despite her own characterization of her case as "a United State [sic] Constitutional" one, Plaintiff has pointed to no federal statute or Constitutional provision that creates a cause of action in this case.  *See* doc. 1 at 4; *see also* doc. 5.  Even adopting a liberal reading of her Complaint, the Court cannot discern any federal statute that might be invoked by the alleged facts.  *Cf. Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)).  Plaintiff, therefore, has not adequately pleaded federal question jurisdiction.

By now, Nails should be all too familiar with the parameters of this Court's jurisdiction.  Including this one, Nails has filed eleven cases in this Court since November 2020.  *See Nails v. Doing Bus. as Nails*, MC420-009 (S.D. Ga. Nov. 3, 2020); *Nails v. City Chatham Cnty. Tax Comm'n*, CV421-032 (S.D. Ga. Feb. 3, 2021); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033 (S.D. Ga. Feb. 3, 2021); *Nails v. Savannah Plastic*

*Surgery, et al.*, CV421-153 (S.D. Ga. May 14, 2021); *Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. May 19, 2021); *Nails v. Hilliard*, CV421-364 (S.D. Ga. Dec. 27, 2021); *Nails v. St. Joseph Candler Hosp.*, CV422-077 (S.D. Ga. Apr. 4, 2022); *Nails v. City of Savannah*, CV422-098 (S.D. Ga. Apr. 15, 2022); *Nails v. FNU LNU*, CV422-103 (S.D. Ga. Apr. 18, 2022); *Nails v. Davis*, CV422-110 (S.D. Ga. April 21, 2022). Four of her cases have already been dismissed for the same reason this claim is faulty—her failure to allege a basis for this Court's jurisdiction. *See Nails v. City Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing complaint for failure to establish jurisdiction); *Nails v. Chatham Cnty. Tax Comm'n*, CV421-033, doc. 6 (S.D. Ga. June 2, 2021) *adopted* doc. 8 (S.D. Ga. June 14, 2021) (dismissing Plaintiff's complaint for failure to establish jurisdiction); *Nails v. FNU LNU*, CV422-103, doc. 13 at 3 (S.D. Ga. May 2, 2022) (dismissing case after finding that Nails did not provide a "sufficient, non-frivolous basis" for the Court to exercise subject matter jurisdiction); *Nails v. Davis*, CV422-110, doc. 15 at 2 (S.D. Ga. July 11, 2022) (dismissing complaint where facts pleaded were inconsistent with diversity jurisdiction and Plaintiff had identified no basis for the Court

to exercise federal question jurisdiction).  She has been warned in others.
*See Nails v. Savannah Plastic Surgery*, CV421-153, doc. 6 at 1-5 (S.D. Ga.
May 21, 2021) (explaining the requirements of subject matter
jurisdiction); *Nails v. Hilliard*, CV421-364, doc. 6 at 2-5 (S.D. Ga. Feb.
10, 2022) (same).  Others have been dismissed on grounds that indicate
Nails' general disregard for the Orders and rules of this Court.  *See Nails
v. Doing Business as Nails*, MC420-009 (S.D. Ga. Nov. 5, 2020) *adopted*
(S.D. Ga. Nov. 24, 2020) (denying IFP motion and dismissing case for
submitting application demonstrating sufficient assets to pay filing fee);
*Nails v. Chatham Cnty. Sheriff's Office*, CV421-158 (S.D. Ga. Aug. 26,
2021) *adopted* (S.D. Ga. Sept. 13, 2021) (dismissing case for failure to
comply with the Court's instructions).

As this Court has already recognized, Nails appears to file a federal
lawsuit at the slightest inconvenience, ignoring this Court's prior
admonishments about jurisdictional requirements.  *See Nails v. Davis*,
CV422-110, doc. 8 at 9 (S.D. Ga. May 9, 2022).  For that reason, the Court
implemented filing restrictions "to protect itself from Nails' disregard of
its rules and orders."  *Id.* at 11 *adopted by* doc. 15.  Although this case
was filed prior to the Court's imposition of those restrictions, it reflects

the same vexatious pattern of litigation.  It should, therefore, be **DISMISSED**.  *See* 28 U.S.C. § 1915(e)(2)(B).

## III.  CONCLUSION

Nails' motion to proceed IFP is **GRANTED**.  Doc. 2.  Her Complaint, as amended, should be **DISMISSED**.  Docs. 1 & 5.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 5th day of October, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA